UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

N° 06-CV-5673 (JFB) (ARL)
_____

CAROLYN DZANOUCAKIS,

Plaintiff,

VERSUS

THE CHASE MANHATTAN BANK, USA,

Defendant.

_____

MEMORANDUM AND ORDER
March 25, 2008

_____

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Carolyn Dzanoucakis (hereinafter "plaintiff" or "Dzanoucakis") brought the instant lawsuit in New York State court against defendant Chase Manhattan Bank, USA (hereinafter "defendant" or "Chase Bank"), alleging a claim pursuant to the Truth in Lending Act, 5 U.S.C. §§ 166 *et seq.* ("TILA"), and claims for breach of contract and violation of due process, all relating to a credit card account that plaintiff had with the defendant. In particular, plaintiff alleged, among other things, that defendant improperly obtained an arbitration award against her in the amount of $25,995.29 with respect to an alleged credit card debt owed by plaintiff to defendant, even though no agreement existed between the parties to arbitrate. Thus, plaintiff contended that the defendant had no right to obtain an arbitration award against plaintiff and the arbitrator exceeded her authority. Based upon these alleged violations, plaintiff sought, among other things, immediate injunctive relief in the form of vacating the arbitration award.

Following removal of the lawsuit by defendant to this Court, defendant moved for leave to amend Chase Bank's answer to assert a counterclaim against plaintiff, pursuant to Federal Rule of Civil Procedure 15, for confirmation of the arbitration award under the Federal Arbitration Act, 9 U.S.C. § 9 ("FAA"). Defendant also moved to dismiss plaintiff's claims on counts 2 and 3 – that is, the breach of contract and due process claims, respectively – pursuant to Rule 12 of the Federal Rules of Civil Procedure. Plaintiff subsequently indicated that she wished to discontinue her claims and

withdraw the action. Defendant objected on the ground that, if the Court failed to decide the motion to amend the answer to include the counterclaim before dismissing the lawsuit, defendant would be prejudiced because its time to make such a claim has expired during the pendency of its motion to amend and, thus, it would be unable to re-file such a claim in state court.

For the reasons set forth below, the Court concludes the following: (1) defendant's motion to amend should be decided prior to plaintiff's motion to withdraw the lawsuit; (2) defendant's motion to amend the answer to add a counterclaim to confirm the arbitration award is granted; (3) defendant's motion to dismiss counts 2 and 3 is moot because plaintiff no longer wishes to pursue such claims; and (4) plaintiff's motion to voluntarily dismiss the action will be held in abeyance until the Court can ascertain from defendant as to whether there is any objection to dismissal of plaintiff's claims and remand of the counterclaim to state court.

I. BACKGROUND

On October 19, 2006, the defendant removed this action from Supreme Court, State of New York, County of Suffolk, based upon the plaintiff's assertion of a federal claim in count one of her complaint, which sought monetary damages for the defendant's alleged violations of TILA. On October 26, 2006, the defendant filed an answer. On June 29, 2007, pursuant to Rule 12 of the Federal Rules of Civil Procedure, defendant filed a motion to dismiss the second and third counts in the complaint – namely, the breach of contract and due process claims, respectively. On that same date, defendant also moved, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to add a counterclaim for confirmation of the arbitration award.

By letter dated December 5, 2007, after the motions were fully submitted and oral argument was conducted, plaintiff indicated that she wished to voluntarily dismiss her complaint. By letter dated December 11, 2007, defendant opposed plaintiff's request to withdraw her claims. Specifically, defendant contended, among other things, that her "request to withdraw her claims is an improper attempt to avoid Chase's proposed counterclaim, which seeks to enforce her debt pursuant to an arbitration award entered in Chase's favor." (Defendant's December 11, 2007 Letter, at 2.) Moreover, defendant argued that it would be prejudiced by the Court's failure to consider its motion to amend before dismissing plaintiff's claims because "Chase will face the argument that the one-year limit under the FAA to bring the action to confirm the arbitration award has expired." (*Id.*) Although the Court initially indicated during a telephone conference on December 20, 2007 that it would issue an order dismissing this case with prejudice, the Court also requested supplemental briefing regarding defendant's objection. As of February 4, 2008, the issues have been fully briefed and the Court has carefully considered the submissions of both sides.

II. DISCUSSION

Plaintiff seeks to prevent defendant from amending its answer to add the counterclaim to confirm arbitration on the ground that plaintiff has already indicated a desire to dismiss her claims and, in the absence of the plaintiff's claims, there would be no independent basis for jurisdiction over the counterclaim. As set forth below, the Court disagrees and finds that, before the Court considers plaintiff's motion to dismiss the case, the defendant should be allowed to amend the answer to include the counterclaim for confirmation of the arbitration award.

2

A. Timing of the Motions

Plaintiff contends that, because she indicated her desire to discontinue the action before the Court had decided the pending the motion to amend, the Court should dismiss the case without granting leave to amend. However, as discussed below, the Court finds that argument unpersuasive.

Under Rule 41(a)(1) of the Federal Rules of Civil Procedure, a plaintiff may dismiss an action without order of the Court if a notice of dismissal is filed prior to the service of an answer or by filing a stipulation of dismissal signed by all parties.[1] Here, there is no basis for dismissal of this action without order of the Court because the plaintiff's notice of her desire to dismiss the action was filed on December 11, 2007, which is long after the defendant filed and served its answer. Moreover, there is no stipulation of dismissal. Thus, there is no basis for voluntary dismissal without an order of the Court under Rule 41(a)(1) and the Court must analyze dismissal under Rule 41(a)(2).

Rule 41(a)(2) states that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms an conditions as the court deems proper."[2] Accordingly, the Court turns to the factors that must be considered by a court in deciding whether to exercise its discretionary authority to grant a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2). *See D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) ("Rule 41(a)(2) dismissals are at the district court's discretion and only will be reviewed for an abuse of that discretion."). These factors include: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." *Catanzano v. Wing*, 277 F.3d 99, 109-10 (2d Cir. 2001) (quoting *Zagano v. Fordham Univ*, 900 F.2d 12, 14 (2d Cir. 1990)); *accord Ibeto Petrochemical Indus. v. M/T Beffen*, 475 F.3d 56, 61 (2d Cir. 2007); *see also D'Alto*, 100 F.3d at 283 ("A voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed 'if the defendant will not be prejudiced thereby.'") (quoting *Wakefield*, 769 F.2d at 114). As courts have noted, "[t]he primary purpose of Rule 41(a)(2) is to protect the

---

[1] Rule of 41(a)(1) provides as follows: "Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim." Fed. R. Civ. P. 41(a)(1).

[2] Rule of 41(a)(2) specifically provides as follows: "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Fed. R. Civ. P. 41(a)(2).

3

interests of the defendants.'" *Wentworth v. Hedson,* No. 06-CV-3373 (RER), 2008 WL 125015, at *1 (E.D.N.Y. Jan. 15, 2008) (quoting *Brown v. Brown,* 343 F. Supp. 2d 195, 199 (E.D.N.Y. 2004)).

After analyzing all of the relevant factors, the Court concludes that allowing dismissal of the action before deciding the motion to amend the answer would be unfairly prejudicial to the defendant. The defendant filed that motion to amend months before plaintiff indicated her desire to discontinue the action. Moreover, if the Court were to dismiss the lawsuit before deciding the motion to amend, defendant would be unfairly prejudiced because, if it tried to institute the arbitration claim in state court at this juncture, it would face the argument that the one-year time limit under the FAA to bring the action to confirm the arbitration award has expired (even though it had not expired at the time of defendant's motion to amend). *See, e.g., United States v. Brunswick,* 476 F. Supp. 2d 1183, 1188 (D. Nev. 2006) ("The Ninth Circuit has interpreted [Rule 41(a)(2)] as precluding the dismissal of an action if the defendant will suffer some plain legal prejudice as a result of the dismissal.") (citing *Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir. 1996)). Therefore, given that defendant's motion to amend preceded plaintiff's motion to withdraw the action and that dismissing the action without deciding the motion to amend would unfairly prejudice defendant, the Court concludes in its discretion that the motion to amend should be decided before entering an order discontinuing plaintiff's claims.

Plaintiff's argument in opposition is simply unavailing. In particular, plaintiff argues that the Court has already indicated that it would dismiss her claims and, thus, any amendment to the answer is too late. However, that analysis is incorrect. Although the Court initially indicated in a telephone conference that it would dismiss plaintiff's claims, the Court never issued the Rule 41(a)(2) order because of defendant's objection to such an order for the reasons outlined above. Instead, it sought additional briefing on the issues being addressed in this opinion. Thus, a Rule 41(a)(2) order has never been entered.

Accordingly, having decided that defendant's motion to amend the answer to include a counterclaim should be decided prior to plaintiff's subsequent Rule 41(a)(2) motion for dismissal of her claims and withdrawal of the action, the Court now turns to the merits of the motion to amend.

B. Motion to Amend

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleadings by leave of the court, and further directs that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Indeed, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also McCarthy*, 482 F.3d at 200 ("A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party. However, '[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion.'") (quoting *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002)) (internal citation omitted).

4

The Second Circuit has interpreted the *Foman* standard to allow amendments, even if there was substantial delay in seeking the same, unless the movant has acted in bad faith, the amendment will prejudice the nonmovant, or the amendment is futile. *See State Teachers Ret. Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."); *accord Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1991) (quoting *Fluor*, 654 F.2d at 856); *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987); *see also Posadas de Mexico, S.A. de C.V. v. Dukes*, 757 F. Supp. 297, 300 (S.D.N.Y. 1991) (recognizing that leave to amend should be given unless the motion for leave is the product of bad faith or dilatory motive, or amendment will prejudice the adversary or be futile). However, "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) (citing *Advocat v. Nexus Indus., Inc.*, 497 F. Supp. 328, 331 (D. Del. 1980)).

Applying this standard, courts have permitted amendments despite the fact that the motion was made at later stages in the litigation after considerable delay. *See, e.g., Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 235 (2d Cir. 1995) (granting leave to amend after four-year period); *Fluor*, 654 F.2d at 845-46 (granting leave to amend after three-year period); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (granting leave to amend after five-year period and after trial commenced); *Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 383 (2d Cir. 1968) (granting leave to amend after three-year period and after case listed as trial ready); *Journal Publ'g Co. v. Am. Home Assurance Co.*, 771 F. Supp. 632, 636-37 (S.D.N.Y. 1991) (granting leave to amend after three-year period); *Zeigan v. Blue Cross and Blue Shield*, 607 F. Supp. 1434, 1438 (S.D.N.Y. 1985) (granting leave to amend after three-year period); *Green v. Wolf Corp.*, 50 F.R.D. 220, 223 (S.D.N.Y. 1970) (granting leave to amend after four-year period).

In the instant case, the request by defendant to amend its answer was made on May 11, 2007, which was only one month after the initial discovery conference before the Magistrate Judge. Therefore, there is no evidence of undue delay by defendant in bringing the motion. Similarly, there is no evidence of bad faith, futility, or unfair prejudice to plaintiff by granting the motion. In short, the Court finds no basis to deny defendant the opportunity to amend its answer to include a claim for confirmation of the arbitration award.

Plaintiff's primary argument in opposing the motion to amend appears to be that there is no independent federal jurisdiction by this Court over this counterclaim. However, this argument is unpersuasive. The Court recognizes that there must be an independent basis to create federal jurisdiction for a claim under the FAA, such as diversity of citizenship. *See, e.g., Greenberg v. Bear, Stearns & Co.,* 220 F.3d 22, 26 (2d Cir. 2000) ("Petitions to compel arbitration must be brought in state court unless some other basis for federal jurisdiction exists, such as diversity of citizenship or assertion of a claim in admiralty.") (quotations and citations omitted); *In re Prudential Sec., Inc.*, 795 F. Supp. 657, 660 (S.D.N.Y. 1992) ("Section 4 [of the Arbitration Act] provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.") (citation and quotation marks omitted). Here, there would be no independent jurisdiction over the defendant's claim under the FAA because the amount in controversy is only $25,995.29.

5

However, the Court clearly has jurisdiction over this claim because plaintiff has asserted a federal claim under TILA in her complaint and seeks, as part of the relief requested, an order vacating the arbitration award. Thus, the proposed counterclaim by defendant is a compulsory counterclaim under Rule 13(a) of the Federal Rules of Civil Procedure. *See, e.g., In the Matter of the Arbitration Between Intercarbon Bermuda, Ltd. and Caltex Trading and Transport Corp.,* 146 F.R.D. 64, 70 (S.D.N.Y. 1993) ("There is not much authority on the question of whether a petition to confirm an arbitration award is compulsory in response to a petition to vacate the award. But those courts that have considered the issue have concluded that the petition to confirm is compulsory.") (collecting cases). Here, in her complaint, plaintiff sought to vacate the arbitration award obtained by defendant and, thus, a counterclaim by defendant to confirm the arbitration award is clearly a compulsory counterclaim because "it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."[3] Fed. R. Civ. P. 13(a).

Therefore, the compulsory counterclaim, even if it would not provide an independent basis for jurisdiction, can be added to the answer.[4] Accordingly, the Court, in its discretion, finds such an amendment should be allowed.[5]

III. CONCLUSION

For the foregoing reasons, (1) the Court concludes that it should decide defendant's motion to amend the answer prior to addressing plaintiff's motion to withdraw her lawsuit under Rule 41(a)(2)[6], and (2) the defendant's motion to amend the answer to include a counterclaim for confirmation of arbitration is granted. Defendant shall file and serve the amended answer by April 4, 2008. Defendant's motion to dismiss counts two and three of the complaint is denied as moot because of plaintiff's stated intention to discontinue those claims.

---

[3] As the Second Circuit has noted, "[w]hether a counterclaim is compulsory or permissive turns on whether the counterclaim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim, and this Circuit has long considered this standard met when there is a logical relationship between the counterclaim and the main claim. Although the logical relationship test does not require an absolute identity of factual backgrounds, the essential facts of the claims must be so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Jones v. Ford Motor Credit Co.,* 358 F.3d 205, 209 (2d Cir. 2004) (internal citations, quotation marks, and brackets omitted).

[4] Even if it were a permissive (rather than compulsory) counterclaim, the Court still could exercise supplemental jurisdiction over such a claim. *See Jones,* 358 F.3d at 214 (holding that supplemental jurisdiction existed over permissive counterclaim that otherwise lacked a jurisdictional basis).

[5] To the extent plaintiff again suggests with respect to the compulsory counterclaim issue that it cannot be asserted as a compulsory counterclaim because her claims have already been dismissed, the Court disagrees for the reasons set forth above. Specifically, the Court never entered a Rule 41(a)(2) order dismissing the lawsuit.

[6] The Court notes that any appeal of that determination would be interlocutory and, thus, such order is not appealable at this time. *See, e.g., Ibeto Petrochemicals Industries Ltd.*, 475 F.3d at 61 ("An order that is non-final and interlocutory, such as an order denying voluntary dismissal, is not appealable in light of the statutory provision conferring upon this Court'jurisdiction of appeals from all final decisions of district courts.'") (quoting 28 U.S.C. § 1291).

With respect to plaintiff's pending motion to dismiss her complaint, the Court will have a telephone conference on April 10, 2008, at 4:30 p.m. to address that issue under Rule 41(a)(2). Specifically, the Court will ascertain whether there is any opposition to dismissing the plaintiff's claims and remanding the counterclaim to state court for adjudication. At the time of the conference, counsel for defendant shall initiate the call and, with plaintiff on the line, contact Chambers at (631) 712-5670.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 25, 2008
Central Islip, NY

\* \* \*

Plaintiff appears *pro se,* 118 West Tiana Road, Hampton Bays, New York 11946. The attorney for defendant is Debra Wabnik, Esq., Simmons, Jannace & Stagg, L.L.P., 75 Jackson Avenue, Syosset, New York 11791-3139.